Jose VARGAS–SAAVEDRA, Petitioner,

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 11–71259

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 10, 2016 Seattle, Washington

FILED June 17, 2016

Matt Adams, Attorney, Northwest Immigrant Rights Project, Seattle, WA, Trina A. Realmuto, National Immigration Project of the National Lawyers Guild, Boston, MA, Stacy Tolchin, Law Offices of Stacy Tolchin, Los Angeles, CA, for Petitioner.

Monica Antoun, Esquire, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Raya Jarawan, Esquire, Trial Attorney, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: EBEL,* PAEZ, and BYBEE, Circuit Judges.

### MEMORANDUM **

Jose Vargas–Saavedra petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying adjustment of status. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law. *Garfias–Rodriguez v. Holder*, 702 F.3d 504, 512 n.6 (9th Cir. 2012) (en banc). We grant Vargas's petition for review and remand.

The BIA erred in applying *In re Torres–Garcia*, 23 I. & N. Dec. 866 (BIA 2006), against Vargas retroactively. *See Acosta–Olivarria v. Lynch*, 799 F.3d 1271, 1275–77 (9th Cir. 2015). Like the petitioner in *Acosta–Olivarria*, Vargas applied for adjustment of status and paid fees in the window between our decision permitting petitioners like him to seek adjustment of status, *see Perez–Gonzalez v. Ashcroft*, 379 F.3d 783, 789 (9th Cir. 2004), and the BIA's first decision calling this line of cases into question, *see Torres–Garcia*, 23 I. & N. Dec. 866. It was thus reasonable for Vargas to rely on our decision in *Perez*. *See Acosta–Olivarria*, 799 F.3d at 1275–77.

There is no significant factual difference between Vargas's situation and the one presented in *Acosta–Olivarria*; we thus conclude that the BIA's holding in *Torres–Garcia* does not apply retroactively to bar Vargas's application for adjustment. We remand to the BIA to adjudicate Vargas's application for adjustment of status.

* The Honorable David M. Ebel, Senior Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

**PETITION FOR REVIEW GRANTED; REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.